UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5415-CAS (DTB) | Date | May 7, 2013 |
|---|---|---|---|
| Title | RONNIE O. BROWN V. ROD HOOPS, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) MOTION TO DISTRICT PRESIDING JUDGE TO REVIEW ALLEGATION OF PREJUDICE BY MAGISTRATE JUDGE DAVID T. BRISTOW FOR DISQUALIFICATION FOR CAUSE (filed March 7, 2013) [Dkt. No. 150]

PLAINTIFF'S MOTION FOR COURT TO RULE UPON PLAINTIFF MOTION OF RECUSAL OF MAGISTRATE JUDGE: REQUEST TO REFER RECUSAL TO THE DISTRICT COURT CHIEF MAGISTRATE JUDGE FOR RULING ON RECUSAL OF MAGISTRATE JUDGE (filed May 6, 2013) [Dkt. No. 187]

## I.   INTRODUCTION & BACKGROUND

On March 7, 2013, *pro se* plaintiff Ronnie O. Brown filed the instant "Motion to District Presiding Judge to Review Allegation of Prejudice by Magistrate Judge David T. Bristow for Disqualification for Cause." Dkt. No. 150. The motion was referred to this Court for ruling pursuant to General Order 08-05 and Local Rule 72-5. The Court construes the motion as a motion to disqualify Magistrate Judge Bristow.

Plaintiff alleges the grounds for his motions are as follows. First, Judge Bristow has denied plaintiff's numerous motions seeking to have the Court provide him with copies of the Local Rules, Federal Rules of Civil Procedure, Federal Rules of Evidence, annotated sections of the U.S. Code, Supreme Court Reports, among other legal materials. He also seeks materials for preparing his court filings. Second, he contends that Judge Bristow waived compliance with Local Rule 37 in a case management scheduling order, but that Judge Bristow later ordered plaintiff to comply with this rule.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5415-CAS (DTB) | Date | May 7, 2013 |
|---|---|---|---|
| Title | RONNIE O. BROWN V. ROD HOOPS, ET AL. | | |

Third, plaintiff contends that Judge Bristow denied his motion seeking to have the court direct the Los Angeles County Sheriff with access to the law library. Fourth, plaintiff contends that he was impermissibly denied his request to be appointed counsel. Fifth, plaintiff contends that he has been prejudiced by various other rulings of Judge Bristow, including the denial of plaintiff's requests for the appointment of an investigator and medical expert to assist him and for reasonable accommodations for plaintiff's poor eyesight under the Americans with Disabilities Act. Dkt. No. 150.

On May 6, 2013, plaintiff filed a "Motion for Court to Rule upon Plaintiff Motion of Recusal of Magistrate Judge; Request to Refer Recusal to the District Court Chief Magistrate Judge for Ruling on Recusal of Magistrate Judge." Dkt. No. 187. This motion was also referred to the undersigned for ruling. After considering plaintiff's arguments, the Court finds and concludes as follows.

## II.   DISCUSSION

The Court construes plaintiff's motion for disqualification as being brought under both 28 U.S.C. §§ 144 and 455. Section 144 provides for disqualification whenever "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The affidavit must set forth "the facts and the reasons for the belief that bias or prejudice exists." Id. And under § 455, judges must disqualify themselves "in any proceeding in which their impartiality might reasonably be questioned." Id. § 455(a).

The substantive standard for disqualification is the same under both sections: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (quotation omitted). Moreover, the alleged bias cannot result from mere disagreement, however vehement, with a judge's rulings; instead, "the alleged bias must stem from an 'extrajudicial source.'" Id. (quoting Liteky v. United States, 510 U.S. 540, 548 (1994)). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5415-CAS (DTB) | Date | May 7, 2013 |
|---|---|---|---|
| Title | RONNIE O. BROWN V. ROD HOOPS, ET AL. | | |

    Plaintiff offers no facts that would lead a reasonable person to conclude that Judge Bristow's impartiality might reasonably be questioned. Plaintiff's contentions center around various rulings that occurred in the course of litigating his case with which plaintiff disagrees. Disagreement with these rulings, of course, does not identify an "extrajudicial source" of bias, but is precisely the type of objection that does not support a motion to disqualify a magistrate judge. Plaintiff identifies no facts that establish that Magistrate Judge Bristow has "deep-seated antagonism" towards plaintiff or favoritism towards defendants, and none is apparent to the Court. <u>Liteky</u>, 510 U.S. at 555.[1] Because plaintiff's disagreement cannot form the basis for a motion to disqualify, and there appears to be no extrajudicial source of bias, the Court finds that Magistrate Judge Bristow should not be disqualified.

### III.   CONCLUSION

    In accordance with the foregoing, plaintiff's motion to disqualify is hereby DENIED.

    IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[1] In fact, Judge Bristow has set a further status conference to address plaintiff's contentions that he be provided with accommodations under the ADA.