UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE O. BROWN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ROD HOOPS, SAN BERNARDINO COUNTY SHERIFF; M. UTLEY, DEPUTY SHERIFF; JAMES WILLIAMS, DEPUTY SHERIFF; B. ZEIGLER, DEPUTY SHERIFF; CAPT. MESA, DEPUTY SHERIFF; D. M. BOLDT; DR. JEFFREY HAGA; OMAR LASTRA, DEPUTY SHERIFF; and JULIUS McCHRISTIAN, DEPUTY SHERIFF,<br><br>　　　　　　Defendants.<br>_____ | Case No.:  CV11-05415-CAS (DTB)<br>*[Hon. Christina A. Snyder; Mag. Judge David. T. Bristow, Riverside]*<br><br>**[PROPOSED]**<br>**ORDER ON STIPULATION FOR JOINT PROTECTIVE ORDER AS TO WITNESS INFORMATION** |

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

　　　The Court has read and considered the parties' "Stipulation for Joint Protective Order as to Witness Information", which was prepared pursuant to this Court's order of July 9, 2013 [Doc. 231].

　　　Good cause appearing, this Court makes the following orders in accordance with the stipulation of the parties:

///

1. In their response to plaintiff's request for production of documents (set one) served by mail on January 30, 2013, and in response to plaintiff's Request for Production No. 3, defendants produced a 10 page copy of the crime report of February 6, 2011, regarding plaintiff's incident (hereinafter "incident report"), with the names and addresses of the witnesses and crime victims redacted.

2. On July 9, 2013, this Court ordered defendants' counsel to prepare and submit a joint protective order to the Court which addresses defendants' privacy concerns as to the witnesses identified in the incident report; and upon approval of the joint protective order by the Court, defendants will have 5 additional days to produce a copy of the incident report to plaintiff, unredacted as to the <u>witnesses'</u> information. [Doc. 231].

3. The names and addresses of the witnesses identified in the incident report shall be kept confidential by plaintiff and defendants.

4. The names and addresses of the witnesses identified in the incident report shall be used only for prosecuting or defending this case, including the preparation and trial of this case, any related appellate proceeding, and for attempting to settle this litigation. The names and addresses of the witnesses identified in the incident report shall not be used for any other purpose, including any other litigation. The names and addresses of the witnesses identified in the incident report shall not be disclosed or disseminated to any other person, other than as set forth in paragraph 6, *infra*, of this joint protective order.

5. The names and addresses of the witnesses identified in the incident report shall not be disclosed in any document filed with this Court.

6. The names and addresses of the witnesses identified in the incident report may be disclosed to the following persons:

(a) counsel for any party to this action;

(b) paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in paragraph (a);

(c) the Court;

(d) court personnel including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for the trial in this action;

(e) any outside expert or consultant retained in connection with this action, and not otherwise employed by either party;

(f) any "in-house" or outside expert designated by the defendant to testify at trial in this matter; and

(g) any party or witnesses to this action.

7. The provisions of this joint protective order shall be in effect until further Order of the Court, or stipulation of the parties.

Dated: August 20, 2013

_____
United States Magistrate Judge