UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONNIE O. BROWN, | ) | Case No. CV 11-5415-CAS (DTB) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER RE: TERMINATING |
| | ) | SANCTIONS |
| R. HOOPS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Currently pending before the Court is defendants' Motion for Terminating Sanctions and/or in the Alternative Motion to Compel Plaintiff to Answer Interrogatories and to Produce Documents and for Sanctions in the Amount of $1750 ("Motion") filed on May 20, 2013. On July 22, 2013, plaintiff filed a document entitled, "Supplimental [sic] Response to Courts Order and Opposition to Defendants Motion for Terminating of Sanctions and/or in the Alternative Motion to Compel Plaintiff to Answer the Interrogatories and to Produce Documents and for Sanctions of $1750," which the Court construed as plaintiff's Opposition ("Opp."). On July 31, 2013, defendants filed their Reply thereto. On August 14, 2013, plaintiff filed a document entitled, "Notice of Good Faith Compliance with Court Order to Answer

/ / /

/ / /

1

1  the Defendants Discovery Request and Disputes Non-Opposition to Terminate
2  Sanctions."[1]

3       Thus, this matter is now ready for decision. For the reasons discussed below,
4  the Court finds that, pursuant to Fed. R. Civ. P. 37(b)(2), plaintiff's case should be
5  dismissed based on his failure to participate in the discovery process and comply with
6  the Court's discovery orders.

7

8                          **PROCEDURAL BACKGROUND**

9       Plaintiff initiated this action on July 8, 2011.  In his operative pleading, the
10 Second Amended Complaint, plaintiff alleges violations of his Eighth and Fourteenth
11 Amendment rights.  However, since the inception of this case, plaintiff has refused
12 to fulfill his discovery obligations, making it impossible for defendants to prepare
13 their defense to plaintiff's claims.  On July 25, 2012, defendants served plaintiff with
14 document requests and interrogatory requests.  Plaintiff's responses were due on
15 August 27, 2012, but plaintiff failed to respond to any of the written discovery.  As
16 such, on February 12, 2013, defendants filed a Motion to Compel plaintiff's
17 responses to defendants' written discovery requests.  (See Dkt. No. 137.)  On
18 February 22, 2013, the Court ordered defendants to re-serve the discovery requests,
19 as it appeared that, due to changes in plaintiff's address, plaintiff may not have had
20 the discovery requests at issue in his possession at that time.  Plaintiff was also
21 notified that because of his failure to respond to the initial requests within 30 days,
22 all responses needed to be served without objection pursuant to the Federal Rules of
23 Civil Procedure, absent a good cause showing.  (See Dkt. No. 145.)
24       Thereafter, on May 20, 2013, defendants filed the instant Motion stating that:
25 (1) Defendants re-served the discovery requests on plaintiff on February 27, 2013; (2)

26 _____

27       [1]      On July 24, 2013, defendants filed a "Notice of Plaintiff's Non-
28 Opposition to Defendants' Motion for Terminating Sanctions."

1   plaintiff failed to respond to the discovery; (3) on April 8, 2013, defense counsel
2   wrote to plaintiff requesting his responses to discovery; and (4) to date, plaintiff has
3   failed to respond to any of defendants' written discovery.  Plaintiff did not dispute
4   these contentions, and instead, on June 3, 2013, plaintiff filed a three-page document,
5   which appeared to be his responses to all six outstanding sets of discovery requests.
6   (See Dkt. No. 205.)  Plaintiff did not substantively respond to any of the requests, and
7   instead, objected to all requests on the basis that such requests were overly
8   burdensome because he is handicapped and unable to respond without an Americans
9   With Disabilities Act ("ADA") accommodation.  On July 9, 2013, the Court granted
10  defendants' Motion to Compel, finding that plaintiff's responses were inadequate.
11  (See Dkt. 229.)  The Court explained that (1) because plaintiff failed to respond to
12  the initial discovery requests within 30 days, his responses were required to be made
13  without objection, and plaintiff had made no good cause showing for his failure to
14  timely respond and (2) plaintiff had initiated this action and throughout this litigation
15  has filed numerous motions, demonstrating his ability to litigate this action.  As
16  recently explained in the August 20, 2013 Report and Recommendation, plaintiff has
17  filed approximately 50 motions in this action alone.  (See Dkt. No. 277.)

18      In its July 9, 2013 Order, the Court also concluded that plaintiff's actions in
19  failing to comply with his discovery obligations, as well as the Court's February 22,
20  2013 Order, have not been justified and as such, ordered plaintiff to pay the sum of
21  $400.00 in monetary sanctions.  Plaintiff was advised that his continued failure to
22  respond to defendants' discovery, and failure to participate in the discovery process,
23  could potentially result in terminating sanctions pursuant to Fed. R. Civ. P. 37.[2]
24  / / /

25

26

27          [2]      In the July 9, 2013 Order, the Court also granted plaintiff an extension
    of time in which to file his Opposition to the Motion.  Although untimely, plaintiff
28  filed an Opposition on July 22, 2013.

1    In their Reply, defendants indicate that on July 25, 2013, plaintiff served his
2    responses to the outstanding discovery, which defendants contend are wholly
3    inadequate and do not provide any meaningful information.  Because defendants only
4    attached one set of responses, on August 2, 2013, the Court ordered defendants to
5    lodge plaintiff's remaining responses.  In accordance with the Court's Order, on
6    August 22, 2012, defendants filed a "Declaration of Timothy J. Kral and Lodging of
7    Plaintiff's Discovery Responses in Compliance with 8-2-13 Court Order" ("Kral
8    Decl."), providing plaintiff's July 25, 2013 responses to discovery.  Plaintiff's
9    responses fail to provide defendants with any meaningful information.  For instance,
10   defendant McChristian requested plaintiff to identify all witnesses known to plaintiff
11   who can testify from personal knowledge in support of his contention that
12   McChristian engaged in tortious misconduct against plaintiff or violated plaintiff's
13   rights. (Kral Decl., Exhibit ["Exh."] G (Interrogatory Request No. 3).)  In response,
14   plaintiff stated, "All witness present at incident." (Kral Decl., Exh. H (Response No.
15   3).) In defendants' August 22, 2013 declaration, defendants also informed the Court
16   that plaintiff failed to pay the $400.00 in monetary sanctions, which was due by
17   August 8, 2013. (Kral Decl. at ¶2.)

18          As such, based on the foregoing, defendants seek an order imposing the
19   ultimate sanction, *i.e.*, a dismissal of plaintiff's claims, particularly as the discovery
20   cut-off date of July 8, 2013, has already passed.

21

22                              **DISCUSSION**
23   A.    Applicable legal authority
24          Under Fed. R. Civ. P. 37(b)(2), the district court has the authority to impose
25   case dispositive sanctions for the violation of a discovery order.  The Ninth Circuit
26   has devised a "test" that "provides the district court with a way to think about what
27   to do," but which is not mechanical and does not set forth conditions precedent to the
28   issuance of case dispositive sanctions. The factors of that test are as follows: (1) The

                                     4

public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  The "subparts" of the fifth factor are: Whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.  See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007); see also Valley Engineers v. Electric Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998); Henry v. Gill Indus. Inc., 983 F.2d 943, 948 (9th Cir. 1993); Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 n.4, 1412-13 (9th Cir. 1990) (setting forth five-part test and observing that same test applies whether plaintiff's case is dismissed or default is entered against defendant for discovery violations).  Further, in order for dismissal to be justified, the violating party's conduct must rise to the level of "willfulness, bad faith, or fault," which can be demonstrated by disobedient conduct "not shown to be outside the control of the litigant."  See Henry, 983 F.3d at 948.

A party's failure to comply with a court order may also be sanctioned under Fed. R. Civ. P. 41(b).  Both Rule 37 and Rule 41 provide for dismissal of an action as a possible sanction for a violation of a court order, and the standards governing dismissal for a party's failure to comply with a court order are essentially the same under both rules.  See Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).


B.    Analysis

The Ninth Circuit has found that the first two factors identified in the five-factor test favor the imposition of sanctions where a court order has been violated, while the fourth factor cuts against a dismissal sanction.  See Henry, 983 F.3d at 948; Adriana Int'l Corp., 913 F.2d at 1412.  Thus, the Court will focus on the "key" factors in the five-part test - prejudice to the party seeking the sanctions, and the availability

of lesser sanctions, along with the issue of plaintiff's willfulness, fault, or bad faith. For the reasons discussed below, the Court finds and concludes that the dismissal of plaintiff's case as a sanction for his flagrant and repeated violations of the discovery process and the Court's discovery orders is warranted.

1.    <u>Plaintiff's willfulness, fault, or bad faith</u>

For purposes of considering dismissal or other terminating sanctions, a party's disobedient conduct must be "due to willfulness, bad faith, or fault of the party." <u>In re Exxon Valdez</u>, 102 F.3d 429, 432 (9th Cir. 1996) (citations omitted).  For such conduct to be willful, it must be found not to have been outside the control of the litigant.  <u>See</u> <u>Henry</u>, 983 F.2d at 948.

Here, plaintiff failed to respond to defendants' written discovery requests until after the discovery cut-off and after repeated orders by this Court to respond to discovery.  Plaintiff appears to contend that he has demonstrated "good cause" for his failure to timely respond to discovery because (1) he suffers from various medical conditions and he needs legal assistance; (2) he is indigent and cannot afford paper, stamps, envelops, or means to make photo copies; (3) the Court has failed to order any access to the law library and legal materials; and (4) objects to the discovery as unnecessary, cumulative, and that it can be obtained from some other source.  (<u>See</u> Dkt. No. 205; Opp. at 2-3.)  None of these bases justify his persistent failure to respond to defendants' discovery requests for more than a year since such were initially served, and five months since they were re-served on plaintiff.  Despite plaintiff's contentions that he is legally blind and lacks legal resources, he has nonetheless been able to file approximately 50 motions in this action alone.[3]  Plaintiff

---

[3]    Further, as the Court noted in its August 20, 2013 Report and Recommendation, since 1994, plaintiff has also filed approximately 70 actions in the

(continued...)

6

has also served defendants with numerous discovery requests.  As such, plaintiff has demonstrated an understanding of the proceedings and an ability to litigate this action, which he initiated.  Additionally, with respect to plaintiff's July 22, 2013 objections contending that the requests are unnecessary, cumulative, and can be obtained from another source, plaintiff has repeatedly been advised, most recently on July 9, 2013, that because he failed to respond to the initial discovery requests within 30 days, he waived his objections.  See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").[4]

Accordingly, based on the foregoing, plaintiff's failure to properly respond to defendants' discovery and failure to obey the Court's orders is entirely within his control and unjustified.

/ / /

/ / /

/ / /

_____

[3](...continued)
Central District of California.  (See Dkt. No. 277.)  The Court has also repeatedly denied plaintiff's requests for access to the law library and legal assistance.  (See, e.g., Dkt. Nos. 18, 29, 72, 99, 141, 143, 158, 264, 265.)

[4]     Additionally, as further explained in the August 20, 2013 Report and Recommendation, plaintiff has also filed at least one motion to compel, in which he made material misrepresentations.  On February 28, 2013, plaintiff filed a Motion to Compel, wherein plaintiff sought responses to various discovery requests.  However, after reviewing the documents attached to defendants' Opposition, as well as defendants' supporting declaration, it appeared to the Court that plaintiff materially misrepresented the dates upon which he had propounded the discovery at issue, and in fact, it appeared that he affirmatively removed the original dates and replaced them with earlier dates.  Plaintiff eventually conceded that he did not retain a copy of the discovery requests and thus, "guess[ed]" as to the dates.

2.   <u>Prejudice to the defendants</u>

The Ninth Circuit has held that, "[a] defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." See <u>Adriana Int'l Corp.</u>, 913 F.2d at 1412. Here, defendants argue that they have been prejudiced by plaintiff's failure to complete discovery and that plaintiff's "willful refusal to cooperate in discovery casts doubt on whether this action can proceed on the true facts, or even at all." (<u>See</u> Motion at 5.) The discovery cut-off was July 8, 2013. (<u>See</u> Dkt. No. 120.) The Court's Case Management and Scheduling Order was fashioned in an effort to conclude discovery sufficiently in advance of trial to allow the parties to adequately prepare for trial. Nevertheless, defendants have been unable to obtain responses to their written discovery requests for a year. The Court finds that plaintiff's "repeated failure to provide [discovery] in a timely fashion [has] prejudiced the ability of [the defendants] to prepare their case for trial." <u>See Payne v. Exxon Corp.</u>, 121 F.3d 503, 508 (9th Cir. 1997). The defendants have been unable to complete discovery in preparation for trial. See <u>Adriana Int'l Corp.</u>, 913 F.2d 1412; <u>Computer Task Grp. v. Brotby</u>, 364 F.3d 1112, 1116 (9th Cir. 2004) (per curiam) ("[F]ailure to produce documents as ordered . . . is considered sufficient prejudice.") (quoting <u>Payne</u>, 121 F.3d at 508) (internal quotation marks omitted). Indeed, based on the inadequate responses that were finally provided to the written discovery, defendants are now in the process of meeting and conferring with plaintiff with respect to these responses, and which may ultimately, necessitate yet another motion to compel. (<u>See</u> Kral Decl. at ¶8.) Thus, plaintiff's conduct has made it "impossible for [defendants] to proceed to any imaginably fair trial" as even after the close of discovery, they still are without the most basic information supporting plaintiff's claims of liability and damages. <u>See Brotby</u>, 364 F.3d at 1116.

/ / /

/ / /

8

1        3.    The availability of lesser sanctions

2        As described above, the "subparts" of the availability of lesser sanctions factor

3   are: Whether the Court has considered lesser sanctions, whether it tried them, and

4   whether it warned the recalcitrant party about the possibility of case-dispositive

5   sanctions.  See Conn. Gen. Life Ins. Co., 482 F.3d at 1096; Valley Engineers, 158

6   F.3d at 1057.

7        Here, the Court has both considered and imposed lesser sanctions.  As

8   described above, on February 12, 2013, defendants moved to compel plaintiff's

9   responses to the written discovery.  It appeared that since the date upon which

10  plaintiff was served with the discovery requests, he had been subsequently

11  incarcerated and, as such, may not have had the discovery requests at issue in his

12  possession at that time.  As such, on February 22, 2013, the Court took plaintiff's

13  incarcerated status into consideration and ordered defendants to re-serve the

14  discovery.  The Court advised plaintiff at that time that because of his failure to

15  respond to the initial requests within 30 days, any responses must be without

16  objection pursuant to the Federal Rules of Civil Procedure.  Nevertheless, despite

17  being re-served with the discovery requests on February 27, 2013, plaintiff again

18  failed to respond to the discovery.  Therefore, on July 9, 2013, the Court granted

19  defendants' Motion to Compel and ordered plaintiff to pay the sum of $400.00 in

20  monetary sanctions.  Notwithstanding the Court's Order, plaintiff has failed to pay

21  the monetary sanctions.  (Kral Decl. at ¶2.)  Although plaintiff did ultimately serve

22  discovery responses - after the discovery cut-off - his belated compliance does not

23  cure the effects of his discovery misconduct.  Henry, 983 F.2d at 947; N. Am. Watch

24  Corp. v. Princess Ermine Jewels, 786 F.2d 147, 1451 (9th Cir. 1986) ("Belated

25  compliance with discovery orders does not preclude the imposition of sanctions.");

26  G-K Properties v. Redevelopment Agency of City of San Jose, 577 F.2d 645, 647 (9th

27  Cir. 1978) ("last-minute tender of relevant documents could not cure the problem they

28  had previously created").

1    Further, as noted, plaintiff's untimely responses are wholly inadequate.  His

2  responses fail to provide any meaningful information, let alone adequately respond

3  to the specific interrogatory or document requests.  For example, defendant Lastra

4  requested plaintiff to identify any steps, activities, or therapy petitioner sought to

5  diminish the pain and suffering that he allegedly sustained as a result of the subject

6  incident, including the specific steps taken, the nature of the injuries, the date upon

7  which he commenced such activity or therapy, and the date upon which he terminated

8  such treatment.  (Kral Decl., Exh. D (Interrogatory Request No. 9).)  In response,

9  plaintiff stated: "Medical treatment." (Kral Decl., Exh. E (Response No. 9).)  In

10 another example, Lastra requested plaintiff to set forth the amount of compensation

11 that plaintiff claims he is entitled as a result of his physical injuries, physical

12 conditions, pain, disability, emotional distress, and/or psychological injuries and set

13 forth the specific method by which he calculated each amount.  (Kral Decl., Exh. D

14 (Interrogatory Request No. 12).)  Plaintiff responded, "50 million dollars." (Kral

15 Decl., Exh. E (Response No. 12).)  Plaintiff provided similar responses to each of

16 defendants' sets of discovery.  (See generally Kral Decl., Exhs. A-L.)

17    The Court also has considered whether evidence or issue sanctions are

18 available.  Specifically, the Court has considered whether the discovery still

19 outstanding relates solely to damages or liability, and in the latter instance, whether

20 it relates solely to a specific claim.  It appears, however, that the discovery at issue

21 relates to both plaintiff's alleged basis for liability and damages.  Accordingly, since

22 the discovery still outstanding relates both to damages and liability, the imposition

23 of evidence or issue sanctions does not appear to be a viable alternative.

24 Accordingly, the Court finds and concludes that there are no lesser sanctions

25 available to the Court.

26    The final consideration is whether the Court warned plaintiff about the

27 possibility of case-dispositive sanctions.  See Conn. Gen. Life Ins. Co., 482 F.3d at

28 1096.  The Ninth Circuit has found that "it is not always necessary for the court to

10

1  . . . give any explicit warning." See Valley Engineers, 158 F.3d at 1057; see also

2  Malone, 833 F.2d at 133 ("A plaintiff can hardly be surprised by a harsh sanction in

3  response to willful violation of a pretrial order" even where district court did not

4  explicitly warn plaintiff that dismissal would follow violation of pretrial order). Here,

5  however, the Court did expressly warn plaintiff that case-dispositive sanctions could

6  be imposed if he continued to fail to respond to defendants' discovery and participate

7  in the discovery process. (See Dkt. No. 229.) As plaintiff has continued to violate

8  Court orders, and has failed to provided adequate discovery responses, it can hardly

9  be said that plaintiff was unaware of the consequences of his discovery posture in the

10  case. See Valley Engineers, 158 F.3d at 1057 ("The significance of warning is that

11  a sanction may be unfair if the party could not have realized that it was in jeopardy

12  of so severe a consequence if it was in error regarding its discovery posture").

13  Plaintiff could not have been unaware of the Court's inclination to impose harsh

14  sanctions given its imposition of less drastic sanctions and its express warnings to

15  him regarding the possibility of terminating sanctions in the July 9, 2013 Order.

16  Finally, plaintiff was reminded that the Federal Rules of Civil Procedure

17  applied to him. See Valley Engineers, 158 F.3d at 1056-57 (text of Federal Rule of

18  Civil Procedure 37(b)(2) itself puts "everyone" on notice that "dismissal is a possible

19  sanction for failure to obey discovery orders"). Plaintiff was put on notice that

20  dismissal would be possible if he failed to comply with his discovery obligations.

21

22  **4.   Conclusion**

23  The Ninth Circuit has held that, "[t]he most critical factor to be considered in

24  case-dispositive sanctions is whether 'a party's discovery violations make it

25  impossible for a court to be confident that the parties will ever have access to the true

26  facts,'" and that "[w]here a party so damages the integrity of the discovery process

27  that there can never be assurance of proceeding on the true facts, a case dispositive

28  sanction may be appropriate." See Conn. Gen. Life Ins. Co., 482 F.3d at 1097

11

(citations omitted).  Here, plaintiff's conduct over the past year has "so damage[d] the integrity of the discovery process" that the Court has no confidence that the defendants ever will receive the discovery ordered, or will be able to proceed to a fair trial even if they do.  See Valley Engineers, 158 F.3d at 1058.  Because the Court finds actual prejudice to the defendants based on plaintiff's conduct and that lesser sanctions are not available, the Court finds that plaintiff's case should be dismissed pursuant to Fed. R. Civ. P. 37(b)(2) with prejudice.

DATED:  September 10, 2013

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
David T. Bristow
United States Magistrate Judge

12